# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:

CHARLES WILLIAM FORD, JR.,                    Case No. 03-33864-WRS

        Debtor,                                Chapter 7

DONALD PRIORI AND INSURE
NOW, INC.,

        Plaintiffs,                         Adv. Pro. No. 04-3011

v.

CHARLES WILLIAM FORD, JR.,

        Defendant.

## MEMORANDUM DECISION

      This Adversary Proceeding is before the Court upon the motion for summary judgment

filed by Plaintiffs, Donald Priori and Insure Now, Inc. ("Priori"). Upon consideration of the

pleadings, memorandums of law, and supporting affidavits submitted by the parties, the Court

finds that there are genuine issues of material fact with respect to the Plaintiffs' three causes of

action against Charles William Ford, Jr. ("Ford"); breach of fiduciary duty, suppression of a

material fact, and conversion. (Docs. 39, 42, 43). For the reasons explained in this

memorandum, Plaintiffs' Motion for Summary Judgment[1] is DENIED.

---

[1] The present motion for summary judgment is the Plaintiffs' second such motion filed in this Court with respect to these very same issues. (Docs. 22, 39). The first motion for summary judgment was denied without prejudice, as it appeared that there were material facts in dispute after Plaintiffs made a request to take the Defendant's deposition. (Doc. 33). The Court notes that in their first motion for summary judgment, the Plaintiffs asserted that they were entitled to judgment as a matter of law on Count II of their Complaint only. (Doc. 22). However, with the present motion for summary judgment, Plaintiffs are asserting that they are entitled to judgment as a matter of law on Counts I, II, and III of their Complaint. (Doc. 39).

# I. FACTS

The Plaintiffs obtained a money judgment against Ford in proceedings styled <u>Charles William Ford v. Insure Now, Inc., Donald R. Priori and Dorothy Priori as Co-Executors of the Estate of Donald I Priori, Deceased, and Donald R. Priori</u>, Case No. CC-2001-136, in the Circuit Court of Bullock County, Alabama. Two separate judgments were entered by the Circuit Court on October 24, 2003. One order states, in pertinent part, that "we, the Jury, find in favor of the Plaintiff Insure Now and against Defendant Charles William Ford, Jr., and assess damages as follows: 'Compensatory Damages: $253,000.'" (Doc. 39, Exhibit 4). The other order states, in pertinent part, that "we, the Jury, find in favor of the Counter-Defendant, the estate of Donald I. Priori and Donald R. Priori on the following claims made by Charles William Ford., Jr.: 'suppression,' 'breach of implied contract,' and "negligence.'" (Doc. 39, Exhibit 5). After the dust settled in Bullock County, Priori won and Ford lost. It is clear beyond all doubt that Priori was awarded a money judgment against Ford, in the amount of $253,000, the record here is devoid of any evidence as to which cause of action the judgment is based upon.

On December 18, 2003, Ford filed a petition in bankruptcy in this Court pursuant to Chapter 7 of the Bankruptcy Code. Ford was granted a discharge, pursuant to 11 U.S.C. § 727 on April 1, 2004. (Case No. 03-33864, Doc. 15). On February 20, 2004, Priori filed a timely complaint to determine whether Ford's indebtedness is excepted from discharge, initiating this Adversary Proceeding. (Adversary Proceeding No. 04-3011).

It further appears from this Court's record that Priori brought a second civil action against Ford in Bullock County styled <u>Donald R. Priori, individually and Dorothy L. Priori and</u>

2

Donald R. Priori, as Executors of the Estate of Donald L. Priori, and Insure Now., Inc., v. Charles William Ford, Jr., CSI International, Inc., and Omar R. Cordial, Case No. CV-2004-152. It would appear that Priori violated the discharge injunction when he brought his second action against Ford. See, 11 U.S.C. § 524(a). Ford removed Civil Action No. CV-2004-152 to this Court on January 14, 2005. See, Adversary Proceeding No. 05-3001. The Court will conduct proceedings in Adversary Proceeding 05-3001 in the near future. This decision relates only to Adversary Proceeding 04-3011.

In Adversary Proceeding 04-3011 (this Adversary Proceeding) Priori seeks a determination that Ford's indebtedness is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A)(actual fraud) or (a)(4)(fraud or defalcation while acting in a fiduciary capacity) and (a)(6)(willful and malicious injury by debtor to person or property of another). Having reviewed the evidentiary submissions of the parties, and particularly the depositions of Ford (Doc. 39, Exhibit 8), and Priori (Doc. 39, Exhibit 9), it is apparent that many of the material facts are in dispute, precluding an award of summary judgment.

The following facts appear to be undisputed. Priori, his late father and Ford came together in 1999 and organized a corporation which they called "Insure Now," which was in the insurance business. It appears that Ford was a vice president and an employee of Insure Now. It further appears that Ford was engaged in insurance related activities which were separate and apart from the business of Insure Now and that Ford derived commissions or earnings from these activities. It is disputed whether these activities were disclosed by Ford to Priori and whether these earnings were the property of Insure Now or Ford. It is also disputed whether Ford's employment with Insure Now precluded any other business opportunities. It is Priori's

3

contention that these (non-Insure Now) earnings were wrongfully misappropriated by Ford. Ford

vigorously disputes this, contending that the business opportunity in question was offered to

Priori but turned down because he did not want to make the necessary investment.[2] These facts

must be resolved at trial before the Court can dispose of this Adversary Proceeding.

## II.  CONCLUSIONS OF LAW

This Court has jurisdiction to hear this Adversary Proceeding pursuant to 28 U.S.C. §

1334(b).  This Adversary Proceeding is within the Court's core jurisdiction.  28 U.S.C. §

157(b)(2)(I).  This Adversary Proceeding is before the Court upon Priori's motion for summary

judgment.  (Doc. 39).

### A.  Summary Judgment

Summary judgment is proper only when there is no genuine issue of any material fact and

the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56, made

applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett,

477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986); Jones v. City of Columbus,

120 F.3d 248, 251 (11th Cir. 1997).  Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to
> interrogatories, and admissions on file, together with the affidavits, if any, show that there
> is no genuine issue as to any material fact and that the moving party is entitled to
> judgment as a matter of law.

Fed. R. Civ. P. 56(c).  The facts must be viewed in a light most favorable to the nonmoving

---

[2] Ford testifies, in some detail, about the insurance business venture which gave rise to
the dispute, beginning at page 25 of his deposition which was taken on October 20, 2004.  (Doc.
39, Exhibit 8).

4

party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 LED. 2d 202

(1986); Hail v. Regency Terrace Owners Association, 782 So.2d 1271, 1273 (Ala. 2000).  To

avoid an adverse ruling on a motion for summary judgment, "the nonmoving party must provide

more than a mere scintilla of evidence."  See Loyd v. Ram Industries, Inc., 64 F.Supp.2d 1235,

1237 (S.D. Ala. 1999) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir.

1997).

In this Adversary Proceeding, as set forth in the discussion of the facts above, the Court

finds that material facts are in dispute.  Whether the Plaintiffs' theory is actual fraud, fraud in a

fiduciary capacity or willful and malicious injury to another (11 U.S.C. § 523(a)(2)(A), (a)(4),

(a)(6)), material facts are in dispute, thereby precluding an award of summary judgment.

## B.  The Bullock County Judgments

Priori argues that the judgment entered in his favor in Bullock County is preclusive here.[3]

The Court does not quarrel with the general proposition that an issue decided in State court may

preclude a subsequent action in Federal Court if the requirements for either claim preclusion or

issue preclusion are met. Wallis v. Justice Oaks II, LTD (In re: Justice Oaks II, LTD), 898 F.2d

1544, 1550 (11th Cir. 1990).  The problem here is that the record does not indicate what was

actually decided in the Bullock County Civil Action.

---

[3]  It would appear from the face of the judgment against Ford that only Insure Now, not
Priori, recovered a money judgment.  (Doc. 39, Exhibit 4).  For purposes of analysis here, the
Court will treat Priori and Insure Now as one in the same.  The parties should recognize that this
assumption may not hold true at the trial on the merits.

5

As set forth above, there are actually two judgments. In one it is stated that "we, the jury, find in favor of the Counter-Defendant, the Estate of Donald I Priori and Donald R. Priori on the following claims made by Charles William Ford, Jr.: 'suppression,' breach of implied contract,' and 'negligence." (Doc.. 39, Exhibit 5) It is apparent that Ford filed a countersuit against Priori (and others) on these three claims and was not successful. That Ford was not successful in his countersuit against Priori (and others) does not mean that Ford was necessarily guilty of fraud himself. Rather, it means that Priori was found not to have defrauded Ford.

The second order states as follows: "we, the Jury, find in favor of the Plaintiff Insure Now and against the Defendant Charles William Ford, Jr., and assess damages as follows: 'compensatory damages: $253,000.'" (Doc. 39, Exhibit 4). In this second judgment, it was determined that Ford is indebted to Insure Now. There is nothing in the record which indicates that the Circuit Court of Bullock County made a finding that Ford had committed a fraud against Insure Now, or Priori for that matter. There is nothing more than a general finding of liability, with no indication as to the underlying cause of action. The burden is on the Plaintiff to prove fraud, it will not be inferred on a general verdict.

The problem posed by a general verdict is illustrated in a decision handed down by the Court of Civil Appeals of Alabama in <u>Alfa Realty, Inc. v. Ball</u>, 733 So.423 (Ala. App. 1998). In <u>Ball</u>, a case was submitted to a jury on two theories, fraudulent representation and fraudulent suppression. The Court of Appeals determined that the trial court erred when it submitted the fraudulent misrepresentation claim to the jury. Because the Court of Appeals could not determine whether the jury found in favor of the plaintiff on the good count (fraudulent suppression) or the

6

bad count (fraudulent misrepresentation), it had no choice but to reverse the judgment and return the case for a new trial.

In the case at bar, the record is silent as to which theories were actually submitted to the jury in Bullock County.[4] Priori argues in his brief that three theories were presented, but he has not submitted any evidence that this is so. Moreover, even if Priori had accurately related to this Court how the cause of action was submitted to the jury in Bullock County, there is nothing but a general verdict. Therefore, this Court has nothing in its record which would show that a finding of fraud was made by the jury in Bullock County.

## C. Conclusion

The Court denies Priori's motion for summary judgment for two reasons. First, the judgment from the Circuit Court of Bullock County is not preclusive here as it cannot be determined what was actually decided against Ford. Second, the Court has examined the evidentiary submission made by Ford, compared it with Priori's statement of facts and finds that there are material facts in dispute on both theories (i.e. actual fraud under § 523(a)(2)(A) and fraud or defalcation while acting in a fiduciary capacity under § 523(a)(4)).

Done this 7th day of February, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Rick A. Battaglia, Attorney for Plaintiff
   Von G. Memory, Attorney for Defendants

---

[4] Priori submitted a copy of an Amended Complaint to his Reply Brief. (Doc. 43). A handwritten notation on the complaint indicates that at least one of the counts was later dismissed. It cannot be determined from this Court's record which theories were submitted to the jury and what it ultimately found.

7